UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TEKLINKS, INC., | ) |
|       Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:15-cv-908 |
| PRESYS DATA, LLC, | ) |
|       Defendant. | ) |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Plaintiff TekLinks, Inc. (the "Plaintiff"), in the above-styled action, and in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed concurrently herewith, states as follows:

**I.    INTRODUCTION**

This case arises out of the contractual relationship between Defendant, PreSys Data, LLC ("Defendant"), and Plaintiff wherein Plaintiff asserts claims tied to Defendant's breach of the parties' agreement. Defendant's breach arises from Defendant's failure to satisfy its obligations to Plaintiff under the terms stated in multiple invoices dated December 16, 2014 through April 20, 2015 (collectively, the "Invoices"). As a result of Defendant's breach, Plaintiff has brought suit against Defendant to collect all amounts owed to it for the goods and services (the "Products") sold and provided by Plaintiff to Defendant, at Defendant's request and as more particularly described in the Invoices. Plaintiff is entitled to summary judgment, as there are no disputed material facts and Plaintiff is entitled to judgment as a matter of law.

**II.    STATEMENT OF UNDISPUTED FACTS**

1.    At Defendant's request, Plaintiff provided the Products to Defendant at 101 Forrest Crossing Blvd, Suite 107, Franklin, Tennessee 37064 and 103 Confederate Drive, Suite

2, Franklin, Tennessee 37064, as demonstrated by and more specifically described in the Invoices, which Plaintiff has delivered to Defendant. *See* Complaint ¶ 6; Answer ¶ 6.

2. True and correct copies of the Invoices are attached as Exhibit A to the affidavit of Robert K. Mills, Chief Financial Officer of Plaintiff (the "Affidavit"), filed concurrently herewith. Affidavit, Ex. A.

3. On June 10, 2015, Plaintiff sent a letter to Defendant demanding payment in full of all amounts owed under the Invoices (the "Demand Letter"). *See* Complaint ¶ 8; Answer ¶ 8; Affidavit ¶ 4.

4. A true and accurate copy of the Demand Letter is attached as Exhibit B to the Affidavit. Affidavit, Ex. B.

5. Defendant has refused and/or failed to make any payments to Plaintiff on the amounts owed under the Invoices, after demand. *See* Affidavit ¶ 5.

6. As of October 6, 2015, after applying all credits due under the Invoices, the total amount owed under the Invoices is $416,234.78, plus interest at the rate of 1.5% per month, which continues to accrue (the "Indebtedness"). The amount of the Indebtedness is verified by the Affidavit. Affidavit ¶ 6.

### III. LEGAL ANALYSIS

#### A. SUMMARY JUDGMENT STANDARD.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The movant bears the initial burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *In re VisionAmerica, Inc. Sec. Litig.*, 2002 WL 31619079, No. 3-00-2079, *1 (M.D. Tenn. Oct. 2, 2002) (citing *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.

1999)). Thereafter, the burden shifts to the non-movant to produce evidence as to the existence of a material fact. *Id*. at *1.

**B.     ARGUMENT**

Defendant has acknowledged certain allegations in Plaintiff's Complaint, and admits that it requested and received the Products from Plaintiff. *See* Answer ¶¶ 6-8. Defendant further admits that it received the Invoices and Demand Letter from Plaintiff. *See* Answer ¶¶ 6-8. After its receipt of Plaintiff's demand, Defendant failed to pay the Indebtedness due under the Invoices, which Indebtedness is a result of Plaintiff having provided the Products to Defendant at Defendant's request. *See* Answer ¶¶ 6-8. No question exists that the Indebtedness under the Invoices is currently due and payable in full.

Plaintiff has provided the Invoices, the Affidavit and the Murphree Affidavit as sufficient evidence of the terms of the Invoices, the Indebtedness owed to Plaintiff, and the breach by Defendant for failing to pay the Indebtedness in full upon demand. *See Eastern Onion Singing Telegrams v. South Cent. Bell Telephone Co., Inc.*, 1987 WL 44920, No. 86-6186, *1 (6th Cir. 1987) (affirming the trial court's grant of summary judgment for accounts past due in favor of the counterclaim defendant, as the affidavit of the counterclaim defendant's employee was sufficient evidence to verify the existence and amount of the accounts past due); *Kuehne & Nagel, Inc. v. Preston, Skahan & Smith Intern., Inc.*, 2002 WL 1389615, M1998-00983-COA-R3-CV, *6–7 (Ct. App. Tenn. June 27, 2002) (finding the plaintiff's invoices, business records, and testimony of the plaintiff's employee as sufficient evidence to affirm the trial court's judgment against the defendant debtor in the amount owed in outstanding invoices).

Therefore, no genuine issue of material fact exists and Plaintiff should be granted summary judgment against Defendant for the Indebtedness in the minimum amount of

$416,234.78, plus accruing interest at the rate of 1.5% per month, including pre- and post-judgment interest, and costs of collection, including attorneys' fees and expenses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter final judgment in its favor and against Defendant in the minimum amount of $416,234.78, plus accruing interest, costs and fees, including without limitation, attorneys' fees. Plaintiff respectfully requests such other and further relief as the Court deems just.

This the 7th day of October, 2015.

> */s/ J. Leland Murphree*_____
> J. Leland Murphree
> Attorney for Plaintiff

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205-254-1000
Fax: 205-254-1999
and

MORGAN, AKINS & CLARK, PLLC
Jonathan B. Harris
2000 Richard Jones Road, Ste. 260
Nashville, TN 37215
Tel: 615-829-5995 Ext. 112
Fax: 615-829-5992

03379701.1                                             4

Case 3:15-cv-00908   Document 11   Filed 10/07/15   Page 4 of 5 PageID #: 39

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by either placing same in the United States mail**,** postage prepaid and properly addressed, or electronically through the CM/ECF system on this the 7th day of October, 2015.

Jill M. Hudson
1031 Westhaven Blvd.
Franklin, Tennessee 37064

>　　　　　　　　　　　　　　　　*/s/ J. Leland Murphree*_____
>　　　　　　　　　　　　　　　　OF COUNSEL