UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TEKLINKS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 3:15-cv-908 |
| PRESYS DATA, LLC, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendant PreSys Data, LLC. ("Defendant"), hereby opposes Plaintiff TekLinks, Inc.'s ("Plaintiff"), Motion for Summary Judgment. Plaintiff's opposition is based on the memorandum below.

**INTRODUCTION**

Plaintiff and Defendant's business relationship allows Plaintiff to provide certain goods to Defendant for Defendant's use in the installation of data networks in outlet malls across the United States. Through the course of business Defendant ordered certain goods from Plaintiff, and Defendant made payment for the goods as Defendant received compensation from its clients. Plaintiff claims the invoices issued to Defendant reflect contractual obligations between the parties. Defendant disputes this claim, as the terms of the invoices do not accurately reflect agreed upon terms of certain orders placed. Further Defendant disputes the amount the Plaintiff claims it is owed as a result of the inaccuracies contained in the invoices and the pending return of goods to Plaintiff. These issues constitute genuine issues of material facts and as such summary judgment is inappropriate. Defendant also contends that this motion for summary is

premature, as neither party has had an opportunity to conduct any discovery, which may lead to resolution of these issues.

## STATEMENT OF FACTS

1. The normal course of business between Plaintiff and Defendant involves Defendant placing orders for certain goods to use in their various network installations. Once Defendant receives payment for its work by clients, Defendant remits payment to Plaintiff for outstanding invoices. *See* Complaint ¶ 8 Exhibit B (Exhibit A of demand letter).

2. Defendant placed various orders for goods and made payments for the goods through the course of business with Plaintiff between April 2014 and April 2015. *See* Exhibit A.

3. Defendant made payments of $412,434.44 over the course of eight (8) months towards satisfying various outstanding invoices. The last payment of $308,754.83 made by Defendant to Plaintiff occurred on April 1, 2015. *See* Exhibit A.

4. On April 8, 2015, Defendant's CEO asked if Plaintiff was interested in filling a new order. Defendant outlined his offer including the fact that payment would not be available for the goods involved in the order for at least 60-90 days, and acceptance of the offer was conditioned upon Plaintiff agreeing to those payment terms. Plaintiff accepted the offer with the 60-90 day payment terms. *See* Exhibit B.

5. On June 10, 2015 Plaintiff sent Defendant a letter demanding payment in full of all amounts due under their invoices. The demand letter was sent prematurely as the 60-90 day payment term had not passed. Defendant's order was placed on April 8, 2015, which would make payment due July 8, 2015. *See* Complaint ¶ 8; Answer ¶ 8.

6. Defendant disputes it has failed to make payments or arrangements for payments of the outstanding invoices. In June 2015 Defendant offered Plaintiff a good faith payment of

2

$120,000. Plaintiff's CEO refused this payment and responded he was only interested in payment in full. Upon receipt of the demand letter, Defendant offered multiple payment plans refused by Plaintiff. *See* Exhibit C.

7. Defendant disputes the amount owed as of October 6, 2015 is $416,234.78 plus interest at the rate of 1.5 percent per month. This amount fails to take into consideration a credit for the interest charged during the 60-90 day payment terms from April 8, 2015 order as well as the pending return of twelve (12) 4500-X switches ordered that were the incorrect component for the job for which they were ordered. Ten (10) 4500-X switches have already been returned and credited to Defendant's account. *See* Exhibits D & E.

## LEGAL ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and the movant is clearly entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party asserting a genuine issues of material fact must support the argument either by "citing particular parts of materials in the record" or by "showing that the materials citied do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court views the facts in the record and reasonable inferences that can be drawn from those facts in light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 476 U.S. 574, 587 (1986). A motion for summary judgment may be regarded as premature if the nonmoving party has not had an opportunity to make full discovery. *Celotex Corporation v. Catrett,* 106 S. Ct. 2548, 2554, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*106 S.Ct. 2505, 2508, 477 U.S. 242 (1986).

3

## II. ARGUMENT

Although Defendant requested and received goods from Plaintiff, Defendant disputes the amount owed to Plaintiff, and also questions when, and if, a contract was formed, along with the payment terms of the agreement.

The relationship between Defendant and Plaintiff exists on invoices and emails; a formal contract was never executed between the parties. Summary judgment does not concern whether or not a contract was formed between the Plaintiff and Defendant but involves whether or not reasonable minds may differ on that question. *Gurley v. King* 183 S.W.3d 30, 42 (Tenn.Ct.App.2005). Under Tennessee law, "in order for a contract to be binding it must spell out the obligation of the parties with sufficient definiteness that it can be performed. All the essential terms of a contract may be finally and definitely settled. None must be left to determination, by future negotiations." *Universal Properties, Inc. v. Regions Bank,* 2012 WL 4360770, No. 3:11-cv-538 (6th Cir. 2012).

The order placed on April 8, 2015 by Defendant clearly stated it could not abide by the 30-day payment term printed on Plaintiff's invoice. Defendant stated the term would be 60-90 days, and Plaintiff accepted those terms and shipped the goods. Plaintiff sent Defendant a demand letter on June 10, 2015 before the payment term expired. Plaintiff has been charging Defendant interest on the account balance based on Defendant not making payments on the April 8, 2015 invoice on the "net 30" terms dictated by the invoice. Plaintiff agreed to a payment term of 60-90 days but has been charging Defendant interest on the outstanding balance during the payment terms agreed to by Plaintiff. This discrepancy asserts a reason why the overall amount claimed by Plaintiff is incorrect. A disagreement on the account balance is a genuine issue of material fact.

Lastly, the opportunity and need for Discovery remains important in order to assess the course of business between the parties, the agreement made between the parties and to determine the amount owed to Plaintiff by Defendant.

Summary judgment should only be granted when the facts and inferences from those facts permit a reasonable person to reach only one conclusion. *Gossett v. Tractor Supply Co. Inc.,* 320 S.W.3d 777, 784 (Tenn. 2011). Defendant and Plaintiff come to a different conclusion regarding the amount owed to Plaintiff by Defendant. The dispute of the amount owed is a genuine issue of material fact, and the Court should evaluate the evidence in order to determine the proper amount.

WHEREFORE, Defendant respectfully requests the Court deny Plaintiff's Motion for Summary Judgment, or in the alternative, delay ruling on Plaintiff's Motion until discovery occurs allowing the Parties to clarify disputed issues and reach a resolution.

DATED this 28th day of October, 2015.

Respectfully submitted:

*/s/ Jill M. Hudson*
Jill M. Hudson
TN BPR 33362
1031 Westhaven Blvd.
Franklin, TN 37064
(615) 794-3422

Jeff Risden
TN BPR 32769
849 Aviation Parkway
Smyrna, TN 37167
(615) 414-3524

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing has been served via electronic mail and United States Mail, postage prepaid, upon the following:

Leland Murphree
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203-1000

Jonathan B. Harris
Morgan, Akins & Clark, PLLC
2000 Richard Jones Road, Ste. 260
Nashville, TN 37215

              */s/ Jill M. Hudson*
              Jill M. Hudson